NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-136

ARMINDO GONCALVES

vs.

FELICIA JACQUES-GONCALVES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On November 3, 2021, the former husband and petitioner, Armindo Goncalves, filed a petition to partition the parties' former marital home located at 3 and 5 Cedar Park in Boston.  In response and pursuant to the parties' divorce agreement, the former wife and respondent, Felicia Jacques-Goncalves, opted to exercise her option to buy out the petitioner's share.  After a Land Court judge determined the petitioner's buyout share, the respondent appealed, challenging (1) the allowance of the petitioner's motion to amend his petition for partition to include a triangular parcel that the parties acquired as joint tenants, and (2) the judge's amended interlocutory decree determining the petitioner's buyout share price.  We affirm.

Background.  1.  The divorce agreement.  The parties divorced in May 2011.  According to the parties' divorce agreement, the parties owned the marital home as tenants by the entirety, though the respondent had the sole right to the use, possession, and control of the property until the parties' youngest child reached eighteen years of age.  After that point, the parties would then sell the property and split the net proceeds.  The divorce agreement defines the net proceeds as the gross sales price less broker's fees, reasonable attorneys' fees, the balance then due on the mortgage, liens, reasonable sale price adjustments, reasonable expenses incurred for capital improvements, and mortgage principal amortization payments paid by the respondent.  The parties also had the option to purchase the property in its entirety by paying the other party his or her one-half share of the net proceeds.  If a party exercised the option to purchase the property and the parties could neither agree upon a purchase price nor agree on the appointment of an appraiser to set the purchase price, the parties would each appoint an appraiser who would then designate a third independent appraiser, whose appraisal "shall be binding and conclusive on the parties for all purposes."

The parties' youngest child reached eighteen years of age in June 2017, and the petitioner filed a petition for partition on November 3, 2021.  After the designated appraiser valued the

property at $1,820,000 on October 4, 2023, the respondent, on December 14, 2023, confirmed that she was exercising the option to buy.

2. _The triangular parcel_.  The parties initially acquired the land containing the triangular parcel in December 2001, when the parties, together with the owners of a neighboring parcel, jointly purchased an abutting rectangular parcel from the city of Boston for one thousand dollars.  The deed limited the uses of the parcel to "open space purposes" such as gardening, landscaping, and off-street residential parking, and prohibited structures except "a tool/gardening shed, garage and/or fencing."  The triangular parcel was created from the rectangular parcel after the parties and their neighbors divided the newly purchased parcel in a separate partition action, and the deed for the triangular parcel was recorded on April 13, 2022.  The divorce agreement does not explicitly contemplate the triangular parcel or the rectangular parcel the parties owned with their neighbors, which was the form of the parcel at the time of the divorce agreement.  The petitioner moved to amend the petition to include the triangular parcel on September 26, 2022, and, after a hearing, the judge allowed the motion.

_Discussion_.  1.  _The motion to amend_.  "We review the denial of a motion to amend the complaint for abuse of discretion" (citation omitted), _Doull_ v. _Foster_, 487 Mass. 1, 22

3

(2022), but "leave should be granted unless there are good reasons for denying the motion." Id., quoting Mathis v. Massachusetts Elec. Co., 409 Mass. 256, 264 (1991). "Such reasons include . . . undue prejudice to the opposing party by virtue of allowance of the amendment" (quotation omitted). Doull, supra, quoting Mathis, supra.

The respondent alleges that the allowance of the motion to amend unduly prejudiced her because the divorce agreement did not explicitly address the triangular parcel, and including the triangular parcel in the same partition action as the marital home denied her the opportunity to sell the parcel to a third party. We disagree.

As the judge determined, although the divorce agreement did not explicitly address the triangular parcel, it was reasonable to partition the triangular parcel in the same action as the marital home where the parties owned the land containing the triangular parcel prior to the divorce, the triangular parcel and the marital home abut each other, and the parties own both parcels in equal shares. The respondent's sole claim of prejudice is that she would have preferred to have sold the triangular parcel through a separate partition action rather than purchase the petitioner's share, but provides no estimate

4

or record support as to the parcel's value.[1]  Because the respondent was not unduly prejudiced by the amendment to the petition for partition, the judge was well within his discretion to allow the motion.  See Doull, 487 Mass. at 22.

2.  The buyout share calculation.  The respondent argues that the judge should have calculated the net sale price to the petitioner by first subtracting the outstanding mortgage and other unpaid costs associated with selling the property; then, splitting the net proceeds; and, finally, subtracting payments the respondent already made.[2]  There is no support for this multi-step procedure in the divorce agreement, which calls for the parties to subtract all costs related to the property from the gross sale price prior to splitting the net proceeds.  See Balles v. Babcock Power Inc., 476 Mass. 565, 571 (2017) ("When contract language is unambiguous, it must be construed according to its plain meaning").

What is more, applying the buyout share calculation that the respondent requests would have the inequitable result of

---

[1] Indeed, considering the deed limitations and restrictions on the triangular parcel and the one-thousand-dollar price paid to the city of Boston for the original entire rectangular parcel, a separate partition action to sell the triangular parcel to a third party very well may have been, on net, an additional expense and burden on the respondent herself.

[2] Specifically, the respondent's full mortgage principal payments, capital improvement costs, and costs to partition the triangular parcel.

causing the petitioner to bear all of the respondent's costs associated with the property.  While such an arrangement conceivably could have been provided in a divorce agreement, it was not here.  See Balles, 476 Mass. at 571-572.  The calculation applied by the judge, and contemplated by the divorce agreement, served to split the respondent's costs evenly between the parties, because her costs were subtracted from the price of an asset that the parties shared equally.  Because the judge acted within his discretion to grant the motion to amend and correctly applied the buyout share price calculation, the judge did not err in his valuation of the buyout share price.[3]

Amended interlocutory decree pursuant to G. L. c. 241, § 10, dated November 12, 2024, affirmed.

Order dated March 22, 2023, affirmed.

By the Court (Desmond, Shin & Walsh, JJ.[4]),

Paul Little

Clerk

Entered:  March 31, 2026.

---

[3] The parties' requests for appellate attorney's fees and costs are denied.

[4] The panelists are listed in order of seniority.

6